IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| REED A. BRADFORD,           )<br>                             )<br>     Petitioner,            )<br>                             )<br>     v.                      )<br>                             )<br>DORA B. SCHRIRO and          )<br>ARIZONA ATTORNEY GENERAL,    )<br>                             )<br>     Respondents.            )<br>_____) | CIV 06-0530 PHX NVW (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE NEIL V. WAKE:**

On February 21, 2006, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an answer to the petition ("Answer") on April 17, 2006. Docket No. 8. Respondents assert the action for habeas relief must be denied and dismissed with prejudice.

**I Procedural History**

On August 23, 2002, Petitioner was sentenced in two separate criminal cases to two concurrent 3-year terms of probation pursuant to his conviction on a charge of theft of a credit card obtained through fraudulent means, and solicitation to commit forgery. See Answer, Exh. A.

Petitioner committed several felonies while on probation. On October 2, 2003, pursuant to a plea agreement,

Petitioner pled guilty to one count of burglary, two counts of theft of a credit card, and one count of theft involving more than $1,000, in a case docketed as CR 2003-033072. Id., Exh. A. Petitioner also pled guilty at that time to two counts of forgery, involving cashing a check on another individual's account and purchasing gift cards using another individual's credit card, in case CR 2003-038572. Id., Exh. A. Lastly, Petitioner pled guilty to identity theft, i.e., possessing a driver's license with his picture and another individual's biographical information, in case CR 2003-033627. Id., Exh. A.

At the change of his plea hearing regarding the aforementioned 2003 charges, Petitioner admitted he had committed each of these offenses while he had one historical felony conviction, and also admitted he had previously been convicted of theft of a credit card in 2002. Id., Exh. B. The plea agreement provided the trial court could impose either concurrent or consecutive prison sentences in Petitioner's 2003 cases, and also provided the sentence for each conviction would be no less than 4.5 years and no more than 10 years for the most serious offenses. Id., Exh. B.

At a hearing conducted November 17, 2003, the Arizona trial court found Petitioner had violated the terms of the probation imposed as a sentence for his 2002 convictions by committing the 2003 crimes. Id., Exh. C. The trial court revoked Petitioner's probation and sentenced Petitioner to one and two years of imprisonment on each of the 2002 charges, the terms to be served concurrently to one another and consecutively

1  to the sentences imposed for the 2003 convictions. <u>Id.</u>, Exh. C.
2  At that time the trial court also imposed sentence for the seven
3  2003 convictions; the trial court imposed aggravated prison
4  terms on each of the seven convictions. <u>Id.</u>, Exh. C. The trial
5  court imposed aggravated sentences citing "the number of
6  opportunities that [Petitioner had] been given on probation and
7  the number of offenses that have been committed and the
8  repetitive nature of them." <u>Id.</u>, Exh. C at 23. Petitioner
9  received, in total, a sentence of ten years imprisonment. <u>Id.</u>,
10 Exh. C at 26-27.

11       Petitioner did not take a direct appeal of his
12 convictions and sentences. On January 5, 2004, Petitioner filed
13 an action for post-conviction relief pursuant to Rule 32,
14 Arizona Rules of Criminal Procedure. <u>Id.</u>, Exh. A. Petitioner
15 was appointed counsel; on June 30, 2004, counsel represented to
16 the court that he could find no colorable claim to raise on
17 Petitioner's behalf. <u>Id.</u>, Exh. A. On August 23, 2004,
18 Petitioner filed a *pro per* petition for post-conviction relief
19 regarding his convictions in CR 2003-033072, CR 2003-038572, and
20 CR 2003-033627. <u>Id.</u>, Exh. A. Petitioner asserted his sentences
21 violated his constitutional rights because the sentences were
22 aggravated based on facts found by a judge, rather than a jury
23 beyond a reasonable doubt. <u>Id.</u>, Exh. A.

24       On February 8, 2005, the Arizona Superior Court denied
25 the petition for post-conviction relief. <u>Id.</u>, Exh. D. On April
26 13, 2005, Petitioner's appointed post-conviction counsel sought
27 review of this decision by the Arizona Court of Appeals. <u>Id.</u>,

1  Exh. E. Petitioner argued to the Arizona Court of Appeals only
2  that his sentence violated the doctrine stated by the United
3  States Supreme Court in Blakely v. Washington, 542 U.S. 296, 124
4  S. Ct. 2531 (2002). Id., Exh. E. In response, the government
5  argued Petitioner's rights pursuant to the Blakely doctrine were
6  not violated because Petitioner had admitted the facts upon
7  which the trial court had based its decision to impose
8  aggravated sentences. Id., Exh. F. The Arizona Court of
9  Appeals denied review in a decision filed December 29, 2005.
10 Id., Exh. G.

11         Petitioner filed his federal habeas petition on
12 February 16, 2006. Petitioner asserts he is entitled to habeas
13 relief because he was sentenced in violation of the doctrine
14 stated in Blakely. Respondents contend Blakely may not be
15 applied to provide relief to Petitioner, whose conviction was
16 final prior to the decision in Blakely, and that Petitioner's
17 Blakely claim may be denied on the merits.

18         **D.  Petitioner's claims for relief**

19         The Court may not grant a writ of habeas corpus to a
20 state prisoner on a claim adjudicated on the merits in state
21 court proceedings unless the state court reached a decision
22 contrary to clearly established federal law, or one involving an
23 unreasonable application of clearly established federal law, or
24 unless the state court decision was based on an unreasonable
25 determination of the facts in light of the evidence presented in
26 the state court proceeding. See 28 U.S.C. § 2254(d) (1994 &
27 Supp. 2005).

28                              -4-

> A state court's decision is "contrary to" our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

Mitchell v. Esparza, 540 U.S. 12, 14, 124 S. Ct. 7, 10 (2003) (internal citations and quotations omitted).

The United States Supreme Court announced a new constitutional rule regarding criminal procedure in Blakely v. Washington on June 24, 2004. The Ninth Circuit Court of Appeals has conclusively held the Supreme Court's Blakely decision does not apply retroactively to a state criminal conviction which was final before June 24, 2004. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

Because Petitioner pled guilty, pursuant to Arizona law, he had no right to a direct appeal and his conviction became "final" on the date judgment was entered and he was sentenced by the state trial court, i.e., November 17, 2003. See Montgomery v. Sheldon, 181 Ariz. 256, 258 (1995); Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1056 (9th Cir. 2004). Cf. Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 953 (1994) (noting "[a] state conviction and sentence become final ... when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"); Hernandez-Almanza v. United States Dep't of Justice, INS, 547 F.2d 100, 103 (9th Cir. 1976) (holding, for

-5-

purposes of immigration proceeding, that a criminal conviction was final when the defendant entered a guilty plea and waived direct appeal); <u>Arizona v. Superior Court</u>, 138 Ariz. 4, 6 (Ct. App. 1983) (holding that conviction pursuant to a guilty plea is final ten days after the entry of the guilty plea).

Petitioner was sentenced and judgment entered on November 17, 2003.  His conviction became final, arguably, that day or ten days later.  Therefore, Petitioner's conviction became final prior to the date the United States Supreme Court issued the <u>Blakely</u> decision in June of 2004, and that decision does not provide a basis for federal habeas relief from Petitioner's sentence.  The Arizona courts did not err in concluding that <u>Blakely</u> did not provide a basis for relief from the imposed sentences.

Respondents also argue that Petitioner is not entitled to relief on the merits of his claim.  The Court agrees with this contention.  The federal courts have held, in the context of section 2255 proceedings, that judicial findings regarding the timing and number of a defendant's convictions for purposes of imposing sentence do not violate the Sixth Amendment.  <u>See</u>, <u>e.g.</u>, <u>United States v. Barrero</u>, 425 F.3d 154, 157-58 (2d Cir. 2005); <u>United States v. Carrillo Beltran</u>, 424 F.3d 845, 848 (8th Cir. 2005).  Therefore, Petitioner's sentence does not violate the <u>Blakely</u> doctrine because a judge could properly assess the timing and number of Plaintiff's convictions for the purpose of determining his sentences.

**III Conclusion**

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law. Because Petitioner pled guilty, pursuant to Arizona law, he had no right to a direct appeal and his conviction became final on November 17, 2003. Because Petitioner's conviction became final prior to the date that the United States Supreme Court issued the Blakely decision in June of 2004, that decision does not provide a basis for federal habeas relief from Petitioner's sentence. The Arizona courts did not err in concluding that Blakely, which was decided after Petitioner's convictions became final, did not provide a basis for relief from the imposed sentences. Additionally, Petitioner is not entitled to relief on the merits of his claim that his sentences violate the doctrine stated in Blakely.

**IT IS THEREFORE RECOMMENDED** that Mr. Bradford's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 23rd day of May, 2006.

_____
Mark E. Aspey
United States Magistrate Judge